SARTAIN, Judge.
Plaintiff, Alice D. Wesley, brought this action against her former employer, S. S. Kresge Co., alleging that she was totally and permanently disabled by an accident which occurred within the course and scope of her employment on June 28, 1975. She sought workmen’s compensation benefits under the provisions of the Louisiana Workmen’s Compensation Law in effect on the date of her injury, as well as penalties and attorney’s fees for arbitrary and capricious refusal to pay such benefits. The trial judge found that plaintiff had been totally and permanently disabled by her work-related injury and awarded benefits accordingly. He denied the claim for penalties and attorney’s fees. Defendant appealed the judgment of the trial court. Plaintiff did not appeal or answer defendant’s appeal. Therefore the dismissal of her claim for penalties and attorney’s fees is not before us. We affirm.
Mrs. Wesley, while working as a cashier, injured her back picking up some paper bags in defendant’s stock room. She had been told to get the bags by her supervisor for use at her cash register. Mrs. Wesley had had prior back trouble and had undergone a back operation. However, at the time of the injury in question she was experiencing no back pain. After her injury plaintiff worked several days before consulting a physician. She was referred to Dr. James A. Poche, who ordered a myelo-gram. Based on the results of the myelo-gram, Dr. Poche recommended surgery, which was performed. After the surgery plaintiff continued under the care of Dr. Poche for about eight months. During this time she received compensation benefits from defendant. When plaintiff returned to her former job, after being released by Dr. Poche, these benefits were terminated.
Plaintiff worked at her former job as cashier for several days. She found the work to be extremely painful to her back, especially the requirement that she stand for long periods of time. She therefore quit the job. Several days later she obtained a job as a waitress and cashier at a lounge. At this job she was not required to stand for long periods and she was therefore able to perform her duties.
Defendant urges that the testimony of plaintiff that she suffers great pain while standing for long periods should be found unworthy of belief. The trial judge who was able to observe the witnesses found plaintiff’s testimony credible. His determination of factual questions such as this should not be disturbed absent a showing of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The facts upon which defendant bases its argument are as follows: Plaintiff falsely concealed her prior back problems in her job application to defendant. She began work at a job requiring at least some standing almost immediately after she left her job with defendant. There was no testimony that the accident caused any physical changes in her back which were not corrected by the surgery. Plaintiff’s testimony that she suffered great pain was un-contradicted, however. Both doctors who treated plaintiff testified that she could be experiencing such pain. Considering the testimony presented we do not believe the trial judge committed manifest error in accepting Mrs. Wesley’s uncpntradicted testimony.
We next must determine whether under the facts found Mrs. Wesley is totally and permanently disabled. Under the law in effect at the time of plaintiff’s injury, if an injury substantially decreased the ability of an employee to compete with able-bodied workers in the labor market for the job which he held prior to the injury, he was considered totally and permanently dis *619 abled. Futrell v. Hartford Accident & Indemnity Co., 276 So.2d 271 (La.1973). We find that being unable to stand for extended periods has substantially decreased plaintiff’s ability to compete for jobs as a cashier. Although there may be cashier positions available which do not require extended standing, the fact that plaintiff is restricted to these jobs by her injury is sufficient to constitute her being totally and permanently disabled.
The judgment is affirmed at defendant-appellant’s cost.
AFFIRMED.